### COWLEY et v BOLANDER

Ohio Supreme Court

No 21320. Decided May 22, 1929

Syllabus by MATTHIAS, J.

**AUTOMOBILES (50 Na2)**

(50 A2b1) In an action for personal injuries resulting to the plaintiff from collision with an automobile while same was being towed by the defendant under employment of the owner of the disabled car, it was error to instruct the jury that as a matter of law the defendant was not liable for the negligent acts of the owner of the disabled car in guiding same, where the evidence tended to show that the defendant had taken full charge and control of the operation and it was being conducted under his supervision, and that the owner's assistance was rendered under the direction of the defendant.

In such case the instruction, "If you find from the evidence that by a voluntary independent act on his part, the driver of the automobile that was being towed turned his automobile in such a manner as to strike the plaintiff and that the driver of the towing automobile did nothing to bring about the accident, then I say to you as a matter of law that your verdict must be for the defendants," was prejudicial and warrnted a reversal of the judgment rendered for the defendant.

Kinkade, Robinson, Jones, Day and Allen, JJ, concur.

---

### LATHAM v CLARK, Admrx.

Ohio Supreme Court

No 21467. Decided May 22, 1929

Syllabus by DAY, J.

**TRIAL**

(590 E3p) Declarations against interest of a deceased person, either oral or in writing, binding him or binding or impairing his estate, may be given in evidence against his personal representative in an action for services rendered such deceased, the same as if he had been living and a party to the action.

**DECEDENTS' ESTATES**

(220 E) In an action against an administrator to recover for services rendered a decedent, a writing, signed by such decedent, found among his papers after death, promising to pay the person claiming to have rendered such services a fixed sum, upon the decedent's death, although having no legal or binding force as a promissory note, is admissible, however, in evidence as bearing upon the question whether or not such services were in fact rendered and, if so were performed with the expectation by the respective parties of giving and receiving pay therefor.

Marshall, CJ, Kinkade, Robinson, Jones, Matthias and Allen, JJ, concur.